FILED

12/27/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0695

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0695

THOMAS A. LOZEAU III,

Petitioner,

v.

ORDER

DON BELL, LAKE COUNTY SHERIFF,

Respondent.

Thomas A. Lozeau III (Thomas) has filed a verified Petition for Writ of Habeas Corpus, alleging that his incarceration is illegal because, as he is an enrolled member of the Confederated Salish and Kootenai Tribes of the Flathead Nation, the Lake County District Court does not have jurisdiction over him. He contends that Public Law 83-280 is inapplicable to his pending criminal case. Thomas includes copies of the register of action for his pending criminal endangerment case as well as the docket for the District Court's denial of his petition for habeas corpus relief, raising the same issue.

In 2019, this Court addressed the issue that Thomas now raises. Travis Curtis Lozeau (Travis) argued that

> his state criminal convictions for felony offenses committed within the boundaries of the Flathead Indian Reservation are not subject to state jurisdiction because the application of Public Law 83-280, 18 U.S.C. § 1162, 25 U.S.C. § 1321 ("PL-280") by the State was improper and has never been consented to by the CSKT. Lozeau also argues that PL-280 and subsequent Montana enabling statutes violate the 1855 Hellgate Treaty, 12 Stat. 975.

*Lozeau v. Anciaux*, 2019 MT 235, ¶ 4, 397 Mont. 312, 449 P.3d 830. After detailing the history between the State and the Confederated Salish and Kootenai Tribes (CSKT) concerning criminal jurisdiction, this Court determined that "the CSKT consented to Montana's assumption of concurrent criminal jurisdiction through the enactment of Tribal Ordinance 40-A[.]" *Lozeau*, ¶ 10. We explained why Travis's arguments were incorrect.

"[T]his Court has already held that the State properly enacted its enabling legislation under PL-280." *Lozeau*, ¶ 15 (citing *State ex rel. McDonald v. Dist. Ct.*, 159 Mont 156, 162-65, 496 P.2d 778, 81-83 (1972); *State v. Spotted Blanket*, 1998 MT 59, 288 Mont. 126, 955 P.2d 1347).

Thomas is not illegally incarcerated. Section 46-22-101(1), MCA. The District Court has jurisdiction over Thomas and his pending criminal case. We observe that Thomas has entered into a plea agreement and had a recent change of plea hearing. He is not entitled to release.

IT IS THEREFORE ORDERED that Thomas Lozeau's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Thomas A. Lozeau III personally.

DATED this 27 day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2